IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Lori McKinney,

    Plaintiff,

v.                    CIVIL ACTION NO. 1:09cv1343

Judy Haller,

    Defendant.

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Judy Haller's Motion for Summary Judgment. (Dkt. No. 71.) This case concerns Defendant's alleged unauthorized access to Plaintiff Lori McKinney's credit report.

There is one issue before the Court. The issue is whether the Court should grant Defendant's motion for summary judgment regarding Plaintiff McKinney's claims under the Fair Credit Report Act (FCRA) when her claim is based on (1) a third party's declaration that a Defendant accessed Plaintiff's credit report, (2) uncertified business records, and (3) a custodian's deposition denying Defendant's access of the credit report? The Court holds that Plaintiff cannot establish the material element of obtainment under the FCRA because (1) Plaintiff's evidence is hearsay unrecognized by any exception or exemption, making the

evidence inadmissible in a court of law; and (2) Plaintiff's deposition of a custodian of records established affirmatively that Defendant did not access Plaintiff's credit report. Accordingly, the Court grants Defendant's motion, and the issue will be discussed below.

## I. BACKGROUND

The allegations are as follows, and should be viewed in the light most favorable to the nonmoving party. On March 6, 2007, Defendant Haller allegedly used her work computer to obtain Plaintiff's consumer credit file from Equifax. According to the Amended Complaint, Ms. Haller obtained Plaintiff's consumer credit file on behalf of the Villalvas, who provided Ms. Haller with Plaintiff's name, address, and social security number.

Ms. Haller conducted business with Ms. Villalva for a number of years. Ms. Villalva was a real estate agent, and Ms. Haller obtained credit files of potential clients of real estate agents to determine if prospective buyers would be able to obtain financing to purchase homes. Ms. Haller provided Plaintiff's credit file to the Villalvas after she obtained it from Equifax.

On December 6, 2007, Plaintiff discovered an American Home Mortgage ("AHM") inquiry on her credit report. She contacted AHM regarding the inquiry and discovered that the inquiry had been made by Ms. Haller, who was an employee of AHM at the time

2

the inquiry was made. Ms. Haller later stated to Mr. Frederick Schaefer, a third party, that she was the only one who could have obtained Plaintiff's consumer credit file because she was the only person in AHM's Alexandria office who had the password necessary to make the inquiry.

On December 4, 2009, Plaintiff filed a Complaint against Defendants in this Court and amended the Complaint on March 15, 2010 to three counts. This Court granted Defendant's motion to dismiss on the third count, but denied the two motions regarding the FCRA. Plaintiff sent Defendant Haller a request for admission in July 2010; Ms. Haller's counsel failed to respond. On September 17, 2010, Magistrate Judge Theresa Buchanan granted Defendant's motion to file a late response. Plaintiff objected to Judge Buchanan's ruling; the Court affirmed her decision.

On October 12, 2010, Plaintiff voluntarily dismissed the Villalvas from the action; only Ms. Haller remains. The Court also granted leave for Plaintiff's counsel to depose a custodian of records.

Movant argues that Ms. McKinney is unable to meet her burden under the FCRA because she cannot produce admissible evidence showing that her credit report was obtained in March 2007. Movant stresses that if Ms. McKinney cannot establish that the Defendants obtained her credit report, she cannot prove all elements essential to an FCRA claim. Nonmovant contends

that there is a genuine issue of fact as to whether Defendant obtained her credit report.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A "material fact" is a fact that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. ANALYSIS

The Court grants Defendant's motion for summary judgment because Plaintiff cannot establish all of the elements of an FCRA claim. To prove liability under 15 U.S.C. § 1681n (2006),[1] the plaintiff has the burden of establishing the following five elements: (1) plaintiff is a consumer; (2) the reporting service is a consumer reporting agency; (3) the communication from the reporting service to the defendant was a consumer report; (4) at

---

[1] Plaintiff makes two claims under the FCRA, § 1681n and §1681o. The only distinction between the two claims is that § n has an intentional mens rea, while § o is a negligent standard. Plaintiff fails to meet the standard for either section because she cannot prove the material fact of obtainment, which is an element for liability under both sections.

the time of obtaining the report, either (a) the report was obtained through false pretenses, or (b) defendant knew the FCRA's requirements; AND knowledge of noncompliance under the Act; and (5) the actual purpose for which the report was obtained was improper without the consent of the consumer. 44 Am. Jur. 3d *Proof of Facts* § 36 (2010).

Construing the facts in the light most favorable to Plaintiff, Ms. McKinney can likely establish four elements of an FRCA claim because (1) she is a consumer, (2) the reporting service is a consumer reporting agency, (3) the communication was a consumer report, and (4) the purpose of obtaining the report was improper.[2] This being said, Plaintiff does not have admissible evidence regarding the fourth element of a claim under § 1681n or § 1681o, obtainment.[3] Plaintiff fails to establish obtainment because because (1) Mr. Schaefer's statements are hearsay unrecognized by any exception or exemption, making the evidence inadmissible in a court of law; (2) Plaintiff's screenshots are inadmissible business records; and (3) Plaintiff's deposition of a custodian of records established affirmatively that Defendant did not access

---

[2] It is unlikely that Plaintiff can establish improper purpose. This being said, if the Defendant accessed the report, she would likely have no legitimate purpose in having it. For purposes of summary judgment, this fact will be assumed.
[3] The parties use the term "access," while this memorandum uses the term "obtainment." There is no functional difference.

Plaintiff's credit report. Each issue will be discussed in turn.

### A. Mr. Schaefer's Statements

Plaintiff cannot establish obtainment through Mr. Schaefer's statements because Mr. Schaefer's statements are hearsay. According to the Federal Rules of Evidence, hearsay is inadmissible at trial, unless recognized under a statutory exception. FED. R. EVID. 802. Here, Plaintiff proffers Schaefer's sworn statement that Defendant Haller notified him that Ms. Haller was the sole person who could have accessed the report in July 2009. Such a statement is inadmissible because it is an out-of-court statement being offered for its truth—that Ms. Haller actually accessed the report. As hearsay, the statement may not be used to defeat a summary judgment motion because it is inadmissible at trial.

Plaintiff also proffers Schaefer's declaration that AMH informed both him and the Plaintiff that Ms. Haller was the person who accessed the credit report. This is double hearsay because (1) Schaefer is asserting that AHM told him that Ms. Haller received the information, and (2) Schaefer is repeating the AHM statement in the context of a previous conversation with Ms. Haller. As hearsay, both of Schaefer's statements are inadmissible in Court, and Plaintiff may not use them to defeat summary judgment.

7

### b. The Screenshots of Defendant's Credit Report

Plaintiff cannot establish obtainment through screenshots of her credit report because the proffered screenshots are inadmissible evidence unrecognized by an exception. Assuming that these screenshots suffice as business records, such records would require proper authentication by a custodian or other qualified person. FED. R. EVID. 803(6), 902(11)-(12). In this case, Plaintiff, as a consumer, is unqualified to certify the records because (1) she does not have the knowledge required to determine who accessed her records; (2) she cannot determine whether such queries are regularly conducted activity; and (3) she cannot affirmatively establish that the records were a regular practice of the credit agency. Furthermore, this only establishes that AMNH accessed Defendant's report, not that Defendant herself obtained it. Hence, Plaintiff may not use the screenshots to defeat summary judgment.

### c. Plaintiff's deposition of AMH Custodian

Lastly, Plaintiff cannot establish obtainment because an AMH custodian of records affirmatively established that Defendant did not access the records. On October 18, 2010, Plaintiff obtained leave of court to conduct a deposition of a custodian of records at AMH. Plaintiff deposed her on October 21, 2010. The custodian declared that Defendant Haller did not obtain the credit report. Defendant's counsel asked the

custodian whether Judy Haller obtained Plaintiff's credit report, to which the custodian replied, "a credit report was not ordered for Ms. McKinney." (Eileen Wanerka Dep. 25:3-20, 33:3-14, 34:10-24.)[4] Hence, Plaintiff cannot prove that Defendant obtained Plaintiff's credit report because the custodian specifically stated that Defendant did not access it.

There is no genuine dispute of fact regarding the fourth element of an FCRA claim, obtainment. Without the fourth element, Plaintiff cannot sustain her claims under the FCRA, and a reasonable jury would be unable to conclude that Defendant is liable under the statute. Accordingly, Defendant's motion for summary judgment is granted.

## IV. CONCLUSION

The Court should grant Defendant's motion for summary judgment because Plaintiff is unable to meet her burden under the FCRA. Plaintiff cannot provide sufficient evidence to the material fact of obtainment. If Plaintiff cannot prove that her credit report was accessed, she cannot meet the requirements of the fourth element of an FCRA claim. Defeating Defendant's motion for summary judgment would require that Plaintiff prove a triable issue in regard to every element to the claim, which

---

[4] Plaintiff has moved to strike the cited sections of the custodian's deposition because the custodian refers to unadmitted evidence. Even assuming that the deposition is inadmissible, the previous two sections establish that Plaintiff cannot meet her burden under the summary judgment standard.

9

Plaintiff is unable to accomplish. Thus, without admissible evidence establishing the fourth element, there is no genuine, triable issue as to whether Plaintiff can establish either a § 1681n or §1681o claim. Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Dkt. No. 71) is GRANTED. It is

FURTHER ORDERED that Defendant's Motion in Limine (Dkt. No. 106) is DENIED AS MOOT. It is

FURTHER ORDERED that Plaintiff's Motion to Strike Part of Declaration and Deposition Testimony (Dkt. No. 116) is DENIED AS MOOT. It is

FURTHER ORDERED that Defendant's Motion to Strike Paragraphs 5, 6, and 7 of Lori McKinney's Declaration Submitted in Opposition to Motion for Summary Judgment (Dkt. No 119) is DENIED AS MOOT.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 17th day of November, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

__/__/__